# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOMELAND VINYL PRODUCTS, INC., ) ) Plaintiff, ) ) v. ) ) SENTRY INSURANCE A MUTUAL ) COMPANY, ) ) Defendant. ) ) ) ) | Civil Action No.: _____ |

## COMPLAINT

Plaintiff Homeland Vinyl Products, Inc. ("Homeland"), by and through its attorneys, brings this action against Defendant, Sentry Insurance a Mutual Company ("Sentry").

## PARTIES, JURISDICTION, AND VENUE

1. Homeland is an Alabama corporation with its principal place of business located in Birmingham, Alabama.

2. Homeland has a location and conducts business in Millville, New Jersey.

3. Sentry is an insurance corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Portage County, Wisconsin.

4. The matter in controversy involves diversity of citizenship between Homeland and Sentry, and exceeds the sum value of $75,000, vesting this Court with jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. This matter also involves a declaration of rights, duties, and obligations, pursuant

to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, with respect to a policy of insurance issued by Sentry to Homeland.

6. This Court is vested with jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332 and 1331.

7. Venue of this matter is proper pursuant to 28 U.S.C. § 1391. This case involves the interpretation of New Jersey law, the interpretation of an endorsement in an insurance policy specifically issued for New Jersey incidents, and claims for coverage resulting from an alleged accident that occurred in New Jersey.

## THE INSURANCE POLICY

8. Sentry issued a "Workers Compensation and Employers Liability Policy" to Homeland, Policy Number 90-53135-02 00 141, effective date January 1, 2014 (the "Policy").

9. At issue in this case is the Policy's "Part Two Employers Liability Insurance."

10. Part Two of the Policy provides that:

> This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
>
> 1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
>
> 2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
>
> 3. Bodily injury by accident must occur during the policy period.
>
> 4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period

> 5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

11. Item 3.A of the Information Page includes "New Jersey."

12. The Policy further states that Sentry "will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance..."

13. The Policy also provides that Sentry has a duty to defend, stating:

> We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
>
> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

14. In addition to grants of insurance coverage, the Policy also contains Section C titled "Exclusions," which state in relevant part that, "This insurance does not cover...5. Bodily injury intentionally caused or aggravated by you...".

15. The Policy amends this Exclusion, also referred to as "Exclusion C5," by an endorsement titled, "New Jersey Part Two Employers Liability Endorsement" (the "New Jersey Endorsement"). The New Jersey Endorsement states in relevant part:

> With respect to Exclusion C5, this insurance does not cover any and all intentional wrongs within the exception allowed by N.J.S.A.34:15-8 including but not limited to, bodily injury caused or aggravated by an intentional wrong committed by you or your employees, or bodily injury resulting from an act or omission by you or your employees, which is substantially certain to result in injury...

16. The purpose of an Employers Liability policy, like the one Homeland purchased

3

from Sentry, is to provide coverage for claims where an employee is trying to avoid the exclusivity provisions of Workers' Compensation law, for example, by alleging employer conduct that was substantially certain to cause harm, which creates a "gap" in coverage, and that might be excluded from a commercial general liability policy.

17. Homeland purchased the Policy from Sentry to cover this "gap" and specifically to cover employee claims that seek to avoid exclusivity provisions of Workers' Compensation law.

18. Homeland reasonably expected that the Policy it purchased would serve this fundamental purpose and provide the necessary "gap" coverage.

## THE UNDERLYING ACTIONS

19. On February 22, 2016, Israel Flores and Adrian Rivera filed separate lawsuits against Homeland for "Employer Liability" in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-138-16 (the "Flores Complaint"), attached hereto as Exhibit A; and in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No.CUM-L-727-16 (the "Rivera Complaint"), attached hereto as Exhibit B (together, the "Underlying Actions").

20. The Underlying Actions allege that on February 24, 2014, Homeland employed Flores and Rivera in New Jersey. On that date, they were performing duties for Homeland on railcars. The Underlying Actions allege that when Flores was trying to open the hatch on a railcar, "which was apparently frozen shut due to ice, the hatch door broke free causing Flores to fall backwards and grab onto [Rivera], resulting in both falling some 15 feet to the frozen ground below." Exh. B, Rivera Complaint, ¶ 8; see also Exh. A, Flores Complaint, ¶ 8.

21. The Rivera Complaint alleges that "Homeland knew or should have known that

4

requiring employees to climb and walk onto the tops of the train cars, despite weather or the elements, without proper lighting and with no guardrails and/or fall protection, that there was a substantial certainty that its employees would sustain injuries or death." Exh. B, Rivera Complaint, ¶ 11.

22. The Rivera Complaint further alleges that "Homeland knowingly created and was well aware of the dangerous condition on its property and knowingly failed to correct same resulting in a substantial certainty of harm to its employees and/or otherwise breached the obligations it owed to its employees as their employer as set forth in Millison v. E.I. DuPont deNemours & Co., 101 NJ 161 (1985) and Laidlaw v. Hariton Machinery Co., 170 NJ 602 (2002) and their progeny." Exh. B, Rivera Complaint, ¶ 14.

23. The Flores Complaint similarly alleges that "Homeland knew there was a substantial certainty of injury when employees climbed on top of railcars to check the powder level and did nothing to safeguard them," and that "Homeland acted with the knowledge that it was substantially certain that a worker would suffer serious injury and thereby created a risk outside the purview of conduct intended to be immunized under the Workers' Compensation bar." Exh. A, Flores Complaint, ¶ 14.

24. The Underlying Actions also allege that Homeland had been cited by OSHA previously for failure to provide fall protection. Exhs. A and B.

25. The Underlying Actions seek compensatory damages together with attorney's fees and costs against Homeland.

**SENTRY'S DENIAL OF COVERAGE**

26. Homeland timely notified Sentry of the Underlying Actions in March 2016, and reasonably expected Sentry would defend the Underlying Actions because Homeland purchased

the Policy to cover this very type of "gap" claims.

27. Sentry first denied coverage for the Underlying Actions by email on March 10, 2016, stating, "Employer claims are specifically excluded from Workers Compensation."

28. On April 15, 2016, Sentry sent a more formal denial and denied coverage to Homeland under Part Two of the Policy.

29. In its declinations of coverage, Sentry relied primarily on Exclusion C5 and the New Jersey Endorsement modifying Exclusion C5, and concluded that "exclusion C5, as modified by endorsement, precludes coverage for this claim."

30. On August 1, 2017, and again on September 15, 2017, Homeland's Commercial General Liability insurer, Employers Mutual Casualty Insurance Company ("EMC"), demanded that Sentry defend Homeland in the Underlying Actions pursuant to the Sentry Policy and reconsider its prior denial of coverage. Sentry ignored these demands and has not participated in Homeland's defense of the Underlying Actions.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

31. Homeland incorporates and realleges the above paragraphs as if set forth fully herein.

32. Sentry entered into a binding written agreement to provide Employers Liability Insurance coverage to Homeland.

33. Sentry has a duty to defend and indemnify Homeland pursuant to the Policy.

34. Homeland fully performed its obligations under the Policy by paying premiums in full and on a timely basis.

35. Homeland has satisfied any conditions precedent to coverage under the Policy, including timely submissions of notices.

36. Sentry has materially breached the Policy by refusing to perform its contractual obligations under the Policy, including refusing to defend and indemnify Homeland in the Underlying Actions.

37. Sentry's refusal to perform is not excused or justified in any manner.

38. As a result of Sentry's breach of the Policy, Homeland has been damaged and is entitled to recover damages from Sentry in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

39. Homeland incorporates and realleges the above paragraphs as if set forth fully herein.

40. Every contract or policy of insurance contains implied covenants of good faith and fair dealing owed by the insurer to the insured.

41. Sentry owes Homeland a duty of good faith and fair dealing in connection with claims asserted under the Policy.

42. Sentry's investigation and handling of the claims was done with knowledge of, or in reckless disregard of, the fact that there was no reasonable basis to deny coverage to Homeland.

56. Sentry either knew its acts were unreasonable and in bad faith or recklessly disregarded the fact that its acts were unreasonable and in bad faith.

57. Sentry's unreasonable acts and bad faith misconduct have caused damages to Homeland in an amount to be determined at trial, including attorneys' fees and costs incurred in prosecuting this action.

## THIRD CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

43. Homeland incorporates and realleges the above paragraphs as if set forth fully herein.

44. The rights and duties of Homeland and Sentry under the Policy are governed by the laws of the State of New Jersey.

45. There is an existing controversy between Homeland and Sentry concerning Sentry's duty to defend Homeland in the Underlying Actions and fulfill its other obligations under the Policy.

46. Pursuant to Fed.R.Civ.P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Homeland requests that the Court declare the duties and obligations of Sentry under the Policy. Specifically, Homeland asks the Court to declare that:

    a. Sentry has a duty to defend Homeland in the Underlying Actions;

    b. None of the Policy's provisions preclude insurance coverage to Homeland in the Underlying Actions;

    c. the New Jersey Endorsement, as it pertains to Exclusion C5, is unenforceable because it violates public policy and/or does not reflect Homeland's reasonable expectations;

    d. Homeland is entitled to full reimbursement from Sentry for any defense costs and expenses it has incurred or will incur in defending the Underlying Actions; and

    e. Homeland is entitled to be indemnified by Sentry for any settlement of or damages awarded in the Underlying Actions.

## PRAYER FOR RELIEF

WHEREFORE, Homeland seeks judgment against Sentry for:

- Declaratory relief as specified above;
- Actual, compensatory, punitive, and consequential damages in an amount to be proven at trial;
- Pre-judgment and post-judgment interest as allowed by law;
- Costs for pursuing this lawsuit, including attorneys' fees, as allowed by law; and
- Any and all other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Homeland demands a trial by jury on all claims so triable.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned certifies that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, now pending or contemplated and that no other parties should be joined to this action, except as is set forth below:

1. Israel Flores has commenced an action for personal injury against Plaintiff in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. CAM-L-138-16;

2. Adrian Rivera has commenced an action for personal injury against Plaintiff in the Superior Court of New Jersey, Law Division, Cumberland County, under Docket No. CUM-L-727-16;

3. Employers Mutual Casualty Company has commenced an action for declaratory judgment against Plaintiff in the United States District Court for the Northern District of Alabama, under Civil Action No. 2:18-cv-00459-SGC.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Plaintiff,
Homeland Vinyl Products, Inc.

By: _____
CHRISTOPHER H. WESTRICK, ESQ.


HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone (303) 295-8060


By: /s Kathleen K. Custer
KATHLEEN K. CUSTER, ESQ.

Dated: July 20, 2018

DOCSLIB-#655540-v1